E-FILED
Friday, 30 August, 2013   12:19:20 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ROD BURKETT, DAVID MITCHELL, JoELLEN BLEAVINS, RICK BANAS, JAMIE DURHAM, TAMMY CLEARY, ANGELA KYROUAC, and BEBE MINTON, all individually and as shareholders of BMA Properties, Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for COUNTRY BANK <br><br> Defendant. | Case No. 11-CV-04073 SLD-JAG |

**PLAINTIFFS' MOTION TO ENFORCE TERMS OF SETTLEMENT**

NOW COME Rod Burkett, David Mitchell, JoEllen Bleavins, Rick Banas, Jamie Durham, Tammy Clearly, Angela Kyrouac and Bebe Minton, all individually and as shareholders of BMA Properties, Ltd. (collectively "Plaintiffs"), by and through their attorneys Bruce L. Wald and David A. Kallick of Tishler & Wald, Ltd., and file their Motion to Enforce Terms of Settlement (the "Motion"), and in support thereof state as follows:

1. On January 3, 2013, Plaintiffs filed their Motion for Stay of Proceedings based upon an agreed settlement of this matter negotiated with the Defendant, Federal Deposit Insurance Corporation, as receiver for Country Bank ("FDIC"). The settlement was based on extensive negotiations between Plaintiffs and the FDIC over an approximate two month period.

2.  By order dated January 8, 2013, Magistrate Judge John A. Gorman provided that all timetables and scheduled hearings in this case were cancelled until further notice that all pending motions were found to be moot with leave to refile should settlement documents not be filed.

3.  The terms of the agreed upon settlement with the FDIC were set forth in a letter dated February 13, 2013 from Plaintiffs' counsel to Thomas McIntire, attorney for the FDIC. A copy of the letter is attached as **Exhibit A**.

4.  As set forth in the letter, the settlement included dismissal of the matter with prejudice, extinguishment of the $1,000,000.00 of debt related to the TIF bond and payment by the Plaintiffs of 80% of the balance of the Plaintiffs' remaining indebtedness to the FDIC. The FDIC also required that the Plaintiffs submit proof of funds in the form of bank or other financial institution statements certifying that the Plaintiffs had sufficient funds to satisfy the settlement terms. Plaintiffs did provide the FDIC with the proof of funds documentation.

5.  Since a response had not been received to the settlement letter from the FDIC, on April 3, 2013 Plaintiffs filed their Motion for Stay of Proceedings, consented to by FDIC counsel. Magistrate Gorman granted the motion by text order dated April 4, 2013 and directed the parties to file settlement papers or a status report on settlement by July 1, 2013.

6.  Thereafter, on June 23, 2013 Plaintiffs filed their renewed Motion to Approve Settlement and requested a stay of the proceedings to September 3, 2013 in order to finalize the settlement with the FDIC. This motion was again consented to by counsel for the FDIC, and on June 28, 2013, Magistrate Gorman granted the motion and directed that the parties file settlement papers or a status report no later than September 3, 2013. This Motion is filed by the Plaintiffs in compliance with the Court's most recent order.

7. To date, the FDIC has not authorized its counsel to proceed with finalizing the settlement as set forth in the letter attached as **Exhibit A** nor provided any explanation as to the delay or why the settlement should not proceed.

8. The FDIC has had ample time, namely, over seven months to finalize the settlement. The Plaintiffs are prepared to fund the amounts due under the settlement and enter into a settlement agreement at the earliest possible date. Any further delay by the FDIC would potentially jeopardize the Plaintiffs' ability to fund the settlement since the Plaintiffs have other financial obligations coming due.

9. The courts have recognized the authority of a court to enforce terms of a settlement agreement. For example, in *Rogers v. Cherokee Creek Boys School, Inc.*, (U.S. Dist. Ct. D.S.C.) 2008 U.S. Dist LEXIS 76687, the court enforced an oral settlement agreement confirmed in a subsequent letter. The court stated:

> "District courts retain 'inherent jurisdiction and equitable power to enforce agreements entered into in a settlement of litigation before that court.' *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983) (citation omitted). In order to enforce a settlement agreement, the court (1) 'should ascertain whether the parties have in fact agreed to settle the case,' and (2) 'must discern the terms of that settlement.' *Citing, Moore v. Beaufort County*, 936 F.2d 159, 162 (4th Cir. 1991)."

10. Here the parties have agreed to settle the case and the terms of the settlement are detailed in the letter attached as **Exhibit A**. Based upon the foregoing, the Court has the requisite authority to enforce the terms of the settlement between the parties, and direct the FDIC to proceed with effectuating the terms of the settlement by entering into a settlement agreement with Plaintiffs no later than September 30, 2013.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order directing the FDIC to proceed with finalizing the settlement previously agreed to between the parties and enter

into a settlement agreement no later than September 30, 2013, and for such other and further relief as the Court deems appropriate.

>   Respectfully submitted,
>
>   TISHLER & WALD, LTD.
>
>   By: _____/s/ David A. Kallick_____
>   One of the attorneys for Plaintiffs

David A. Kallick #01386891
Bruce L. Wald #2919095
TISHLER & WALD, LTD.
200 S. Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 876-3800

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CMECF system which will send notification of such filing to the parties listed on the attached Service List on the 30th day of August, 2013.

/s/ David A. Kallick

## SERVICE LIST

Louis S. Chronowski, Jr.
Seyfarth Shaw
131 S. Dearborn, Suite 2400
Chicago, IL 60603
lchronowski@seyfarth.com
kmmccarthy@seyfarth.com
pstatham@seyfarth.com
rwoods@seyfarth.com


Barry M. Barash
Thomas W. McIntire
Barash & Everett LLC
Bridlecreek Square Office Park
256 S. Soangetaha Road, Suite 108
Galesburg, IL 61401
barashb@barashlaw.com
tomm@barashlaw.com

N:\Clients\B\BMA Properties\Representation Of 8 Shareholders (4659-101)\Pleadings\Motion To Enforce Settlement.Docx

LAW OFFICES

# TISHLER & WALD, LTD.

ANDREW BAUMANN
NATALIA RZEPKA GRIESBACH
DAVID A. KALLICK
ALEXANDER D. KERR, JR.
JEFFREY B. ROSE
ZACHARY M. STERN
LOUIS B. TISHLER, JR.
INEZ K. TREMAIN
BRUCE L. WALD

SUITE 3000
200 SOUTH WACKER DRIVE
CHICAGO, ILLINOIS 60606

TELEPHONE (312) 876-3800
FACSIMILE (312) 876-3816

www.tishlerwald.com

JEROME S. WALD
(1937-2004)

EZRA F. RESSMAN
(1938-1969)

February 13, 2013

**VIA E-MAIL AND U.S. FIRST CLASS MAIL**

Federal Deposit Insurance Corporation
c/o Thomas McIntire
Barash & Everett LLC
Bridlecreek Square Office Park
256 S. Soangetaha Road, Suite 108
Galesburg, IL 61401

      Re:    **Rod Burkett, et al. v. Federal Deposit Insurance Corporation**
              **Case No. 11-CV-04073**

Dear Tom:

      As you know, we represent the eight individual plaintiffs in the captioned matter (the "Litigation"), namely Rodney Burkett, David Mitchell, Tammy Cleary, JoEllen Bleavins, Rick Banas, Jamie Durham, Angela Kyrouac and Bebe Minton (collectively the "Borrowers"), and you represent the Federal Deposit Insurance Corporation, as Receiver for Country Bank (the "FDIC").

      You have requested that the Borrowers set forth the terms and conditions of the settlement that has been agreed to in principal by the Borrowers and the FDIC. The Borrowers understand that the final approval of the settlement must be reviewed and considered by the FDIC through the appropriate committees.

      The terms of the settlement are as follows:

      1.    The existence of the $1,000,000.00 aggregate liability of the Borrowers related to the purchase of the Fyre Lake TIF bonds will be eliminated by the FDIC and the Borrowers will have no further obligations for repayment of this aggregate $1,000,000.00 liability.

      2.    The remaining balances owed by the Borrowers on their individual lines of credit which total in the aggregate $2,345,823.00 will be deemed satisfied and paid in full by the payment of 80% of that amount or $1,876,658.00 (the "Settlement Amount").



LAW OFFICES
TISHLER & WALD, LTD.

Thomas McIntire
February 13, 2013
Page 2

    3.    Upon approval by the FDIC of the settlement, the parties will enter into a written settlement agreement (the "Settlement Agreement") setting forth the terms and conditions of the settlement.

    4.    The Settlement Amount will be paid by the Borrowers in a lump sum payment upon execution of the Settlement Agreement by the parties which shall be no earlier than April 30, 2013.

    5.    Upon payment of the Settlement Amount, mutual general releases of claims will be executed between the Borrowers and the FDIC, and the Litigation will be dismissed with prejudice.

    6.    During the time period that the FDIC is reviewing and approving the settlement proposal, the Litigation will be stayed.

The foregoing terms and conditions are set forth for settlement purposes only and are not deemed to be an admission by the Borrowers of any liability. If the foregoing does not conform to your understanding, please advise immediately. Otherwise, we understand you will forward this settlement outline to the FDIC for review and approval.

If you have any questions regarding the foregoing, please call. Thank you for your cooperation in resolving this matter.

                                        Very truly yours,

                                        TISHLER & WALD, LTD.

                                        David A. Kallick

DAK/bw

cc:    Rod Burkett
        David Mitchell
        Tammy Cleary